HYPFNER v. WALSH et al.

The judgment of partition of the Half Breed lands in Lee county, final and conclusive of all rights therein adjudicated.

Where the land in controversy is shown by the pleadings to be within the venue of the court, proof of its locality is not necessary.

The locality of land designated within a given section, township, and range, as established by government survey, is matter of public record within the judicial knowledge of courts.

An instruction on an abstract principle of law and not applicable to any question of fact before the jury should be refused.

ERROR to Lee District Court.

Opinion by GREENE, J. An action of right commenced by M. F. and M. J. Walsh against C. Hypfner, for a tract of land in Lee county. In pleading the defendant admitted that he was in possession, but denied the plaintiff's right to the property described. Trial by jury. Verdict and judgment for plaintiffs. The bill of exceptions shows that the plaintiffs derive title through their father from the judgment of partition of the Half Breed lands. Several instructions were asked affecting the conclusiveness of the judgment of partition, but as that judgment has been so often before this court, and so uniformly pronounced final and conclusive of all rights adjudicated, the court below very properly refused all instructions calculated to impair titles determined by that judgment.

But the court was requested to instruct the jury that unless they "find from the evidence that the land in controversy is in the county of Lee, in the State of Iowa, they will find for the defendant." The court refused to give the

instruction, and this refusal is urged as error. Under the pleadings as they appear of record it is a little singular that such instruction should have been asked, and still more that it should now be urged as law applicable to the case before the jury. The authorities cited showing that the jurisdiction of the court depended upon the *status* or locality of the property would be very good if applicable; if there could be any question raised under the pleadings in relation to the locality of the property. That fact is expressly admitted by defendant's plea. Under that plea the only question at issue was the plaintiffs' right to the property. And as those plaintiffs were proved to be the only heirs at law of their deceased father, J. W. Walsh, and as the muniments of title before the court established the legal title in said J. W. Walsh, it follows that all the evidence was before the court that was necessary to enable the plaintiffs to recover.

Besides, the land was described in the declaration as being within the venue of the court, and designated in the manner provided by the United States surveys of public lands. Where land is described as being within a given section, township, and range, as established by government survey, such description is matter of public record. It comes within the judicial knowledge of the court, and is not a mere question of fact to be determined by the jury. *Wright* v. *Phillips*, 2 G. Greene, 191.

It is objected that the court erred in refusing to instruct the jury as requested in relation to the descent and bequest of property by will, but under the circumstances we think the court ruled correctly. Not because the instructions refused are not correct as abstract principles of law; but because they were not applicable to the case before the court. There was no evidence or question before the court or, jury in relation to a will; any instruction therefore upon that subject would have been irrelevant and calculated to mislead the jury. An instruction upon a mere abstract

principle of law, however correctly stated, should be refused unless applicable to some question of fact before the jury.

Judgment affirmed.

*Geo. C. Dixon,* for plaintiff in error.

*J. Matthews,* for defendant.